## Case No. 17,209a.

### WARTH v. BROWNING et al.

[5 Ban. & A. 341; [1] 17 O. G. 624.]

Circuit Court, S. D. New York. April, 1880.

PATENTS—INFRINGEMENT.

Letters patent No. 10,986, May 30th, 1854; No. 106,101, August 2, 1870; No. 124,180, February 27, 1872; and reissued letters patent No. 5,004, 23rd July, 1872; and No. 5,186, 10th December, 1872, each granted to the complainant for improvements in machines for cutting cloth, construed by the court, and, upon the construction given, the defendants *held* not to have infringed.

[This was a bill in equity by Albin Warth against William C. Browning and others to restrain the alleged infringement of certain letters-patent.]

George Gifford and J. Van Santvoord, for complainant.

Edward N. Dickerson and George L. Roberts, for defendants.

WHEELER, District Judge. John Harraday invented a machine for cutting cloth, several thicknesses at a time, into patterns for garments and furniture, and took out letters patent No. 10,986, dated May 30th, 1854, for it. The orator invented improvements in such machines, and took out letters patent No. 106,101, dated August 2d, 1870, for some of them, and letters patent No. 124,180, dated February 27th, 1872, for others of them; and on the 23d day of July, 1872, his first letters patent were reissued to him in No. 5,004, and again, on the 10th day of December, 1872, in No. 5,186. The defendants use such machines, and this suit is brought for alleged infringements of the orator's patents by that use.

The rules of law applicable to this case appear to be stated by Mr. Justice Bradley in Railway Co. v. Sayles, 97 U. S. 554, where he says: "In such cases, if one inventor precedes

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

all the rest, and strikes out something which includes and underlies all that they produce, he acquires a monopoly, and subjects them to tribute. But if the advance towards the thing desired is gradual, and proceeds step by step, so that no one can claim the complete whole, then each is entitled only to the specific form of device which he produces, and every other inventor is entitled to his own specific form, so long as it differs from those of his competitors, and does not include theirs."

The question is, whether the defendants' machine differs from the orator's, and does not include the improvements which he made. Harraday's machine cut the layers of cloth by a knife reciprocating perpendicularly through a circular plate in the surface of a table, the knife being worked by machinery and cutting against a sharp edge of the plate at the side of the opening through which it worked, and both knife and plate turning by other machinery worked by hand, so as to cut in any direction required by the pattern as the cloth should be fed up to the knife. The orator arranged the machinery operating the knife so that the knife and plate could be turned directly by a handle fastened to the plate by a standard in rear of the knife, thus dispensing with machinery for turning them; placed flanges, mould-board shaped, each side and just forward of the standard supporting the handle, to divide the cloth more widely after being cut; made a socket in the plate to receive the knife, arranged so that the knife would work closely against its edges at each side of the knife; provided a presser-foot for holding the cloth down, and arranged a guard for the knife, to protect the hands of the operators when the machine was in use, and movable, so as to give access to the knife when not in use.

The defendants' machine consists of a revolving cutter working in a groove in a rectangular plate, oval on the upper side, from which a standard arises, supporting the axle of the cutter and connecting at its upper end with arms, having a universal joint, supporting machinery to carry the cutter, so that the cutter, with the plate in which it works, can be turned in any direction required by the pattern of the cloth, and carried in any direction over the table on which the machinery is placed—the plate under and the cutter through the cloth, guided by a handle fixed to the standard connected with the plate in rear of the cutter, the oval shape of the upper side of the plate separating the divided cloth wider than it would be otherwise, and the upper part of the cutter provided with a guard for the safety of the operator, removable, so as to afford access to the cutter when not in use.

The form of the defendants' machine is quite different from that of the orator. His is much more like Harraday's than theirs is like his. They do not infringe his patents unless their machine, although different in form, includes some of his patented improvements on Harraday's. His patent can be sustained only by construing it as covering those improvements

merely, in view of the prior machine. The most prominent of these improvements was doing away with the machinery which turned and controlled the direction of the knife and plate, and arranging the other machinery so that they could be directly turned and controlled by the handle back of the knife. This was a long step toward perfecting the machine, and must have been a great advantage to its operation. The defendants do not take any advantage from that step. They have neither Harraday's machinery, nor the orator's, by using which he made room for applying the handle. They have a cutter operated by machinery entirely different from either. Their machine does not include this part of the orator's improvements. He applied the handle in connection with his new machinery and arrangement, and, in that connection, his patent for that part of his invention would cover it. It is argued that it should cover the handle as used by the defendants. Had the use of handles for such purposes been his invention, his patent might have covered the handle by itself; but such use of handles was not new. The handles of the common shears of a tailor are not only a proved, but a well-known other mode of directing cutters in their proper course by the hand. The defendants have a cutter which of itself is entirely free from the orator's patent. It is capable of being moved over its table in the proper direction for cutting the cloth to the pattern. Their right to take hold of it and guide it without the handle would be unquestioned. It seems quite plain that they have also the right to put a handle on the cutter at the place where they wish to take hold, and to use that. It would only be making a new use of a very old device. Roberts v. Ryer, 91 U. S. 150.

It is argued, also, that the oval shape of the plate in which the revolving cutter works is an infringement of the part of the patent relating to the mould-board-shaped flanges. That shape does separate the divided parts of the cloth after the manner of the flanges, but not more like them than the thick part of the tailor's shears does. The orator's patent would not stand for that device by itself. The defendants do not infringe by using this device in any manner that the patent will cover and be valid. It has also been urged that the cutter working in the groove in the plate is the same as the knife of the orator working in its socket. It is said, on the other side, that the revolving cutter does not shear, but saws through the cloth. It does work like a saw, and not like shears: but the cloth is held by the edges of the socket for it to cut through, as the cloth is held by the orator's knife-receiving socket for his knife to cut through. Harraday's plate held the cloth in the same manner for his knife, however, and there does not appear to be any construction that can be given to the patent which will uphold it against this as an infringement. It does not appear that the defendants' machine includes any of the orator's patented devices. Let there be a decree dismissing the bill of complaint, with costs.